IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATALA S. STROMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No.: |
| vs. ) | 1:10-cv-04080- SCJ-GGB |
| ) | |
| BANK OF AMERICA CORPORATION, ) | |
| BANK OF AMERICA, N.A., BAC HOME ) | |
| LOANS SERVICING, LP *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO BOA DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO [PORTIONS OF] DEFENDANTS BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A. AND BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, **Natala S. Stroman**, pursuant to Federal Rules of Civil Procedure 8, 11, 12 and 56 and Local Rule 7 and files this, her *Response to the BOA Defendants' Reply to Plaintiff's Objection to [Portions of] Defendants Bank of America Corporation ("BOAC"), Bank of America, N.A. ("BOA") and BAC Home Loans Servicing, LP's ("BAC")[collectively, the "BOA Defendants" or "Defendants"] Motion to Dismiss* and shows as follows:[1]

---

[1] Technically the BOA Defendants' document should have been identified as a "Response", rather than a "Reply".

**The "Other Case"**

Obviously the bell that is the "Grumet case" cannot be un-rung, but it is important to draw the Court's attention to a few salient facts. First, on a procedural note, although Defendants characterize Plaintiff's *Objection* as "unconventional", the only arguable reason that it might be "unusual" - a more accurate term - is that most attorneys may not take the time to research and learn the appropriate procedural method for certain matters, and therefore opt to proceed as they have in the past or as they may have seen other attorneys do. But Plaintiff's counsel prides himself on paying extremely close attention to detail, immersing himself in legal research and trying to understand the nuances of civil procedure [all of which he actually enjoys], while balancing the time required for such tasks with the interests of his clients.

And it is this precision and attention to detail that makes Defendants' accusations so grossly misplaced and offensive. Plaintiff attempted to explain, citing authority, virtually every procedural decision in this litigation as clearly as possible, from the "Catch-22" reference in the *Complaint* as to the competing theories of pleading, to express citation to Rule 8(f), to citing authority in support of the form of the *Objection*. Yet Defendants willfully chose to ignore [in bad faith] all of them. The fact is, as this authority makes clear, the *Objection* **was** the proper method and form for that document.[2]

---

[2]  For the record, the Clerk did not "refill" (sic) anything, and in fact Plaintiff's counsel discussed that exact issue at some length with the Clerk(s), who ultimately conceded that it was

Why is this relevant? Because it goes to the issue of the BOA Defendants' completely misplaced [and again, inappropriate, if not downright libelous] allegations concerning Plaintiff's counsel's supposed frivolity in pleading and his overall approach to litigation. Defendants attempt to justify their citation to the "Grumet case" [First Horizon], which specifically mentioned that he was a ***party to*** it, not (merely) counsel *in* it, by stating that the purpose for doing so was "*'simply'* to put this Court on notice that Plaintiff's attorney has filed similarly frivolous complaints asserting similar, if not identical, frivolous claims" (emphasis supplied). Defs. *Reply* at 3.

First of all, it should obviously go without saying - and Plaintiff is extremely confident this Court will agree - that neither the *Complaint* nor the claims in this [or the other] case are "frivolous". Perhaps the best evidence of this is the fact that other Defendants to this action have already made not insubstantial settlement offers to resolve Plaintiff's claims against them. But pretermitting the issue of frivolity, the BOA Defendants' justification is disingenuous to the extent that it suggests that any attorney who is counsel in more than one case that involves similar claims and or drafts pleadings with similar legal arguments and authority is frivolous - a claim that is itself extraordinarily frivolous.

---

in fact properly identified and filed and that they were going to consider adding a docket option precisely because the undersigned brought it to their attention.

Plaintiff's counsel has probably been involved in **dozens** of cases in which similar legal arguments to those in this case have been made/cited [many have been litigated in state court]. To be sure, when Plaintiff's counsel did insurance defense work years ago, he often filed ***hundreds*** of pleadings that were substantially similar in nature; for example, issues such as the statute of limitations and the family purpose doctrine legitimately arose in different cases all the time, resulting in substantially similar motions. The reality is that Plaintiff's counsel is well regarded as an experienced consumer credit and banking law attorney, and many of his recent cases - particularly with the mortgage crisis - involve similar issues. This should come as no surprise, and it is unequivocally irrelevant to the claims in this case, which are not even remotely frivolous or unfounded.

Plaintiff's counsel does not "reinvent the wheel" for each client or case, particularly when, as here, to do so would be to do a disservice to his client. In fact an attorney might face a disciplinary complaint/sanctions of some kind if it were proven (or even alleged) that he or she billed a client for time either unnecessarily or for the same work that had already been done in the past - at least without notice to the client.[3] Likewise, Plaintiff's counsel is confident that a close review of defense counsel's [and any attorney who has been practicing for any significant length of

---

[3]  The undersigned is aware, however, that in certain contexts - such as insurance defense work - when the client consents - that "standard" or "block" billing may be legitimately used. And there is also the argument that an attorney's prior work is a kind of intellectual property for which the client may fairly, if implicitly, be billed.

time] past work would reveal similar "redundancies". But so what? Surely this is not the first time a Motion to Dismiss such as this has been filed by Defendants, but that does not mean [standing alone] that it is frivolous.

Thus, to reiterate the basic argument and point that was made originally, and which is all the more true now that Defendants have admitted ("Defendants' reference to the other cases in which Plaintiff's counsel is involved was intended as a comparison to the case at issue…") what their motivation was/is, Defendants' argument or implication that because an attorney has included similar claims or similar language in two or more cases is somehow relevant to or negates the merits of any particular case and or is otherwise appropriate for even mentioning is absurd to say the least. *See*, e.g., Rule 11.

## **The Affidavit**

Even more suspect is the BOA Defendants' explanation of, or excuse for, their inclusion of the Affidavit. According to Defendants, "The Bank Defendants included the Affidavit with the Motion to Dismiss in an effort to provide the Court with a broader understanding of the context in which this lawsuit was filed". *Id*. at 5. This statement makes one wonder whether defense counsel has any familiarity with the concept of Rule 12 and the widely known principles concerning what is "conventional" and appropriate for inclusion with a motion to dismiss. But actually, Defendants/defense counsel *do* in fact know very well what such rules

and principles are. Indeed, one need look no further than to the first page of their *Motion to Dismiss* to see the proof. According to footnote 1,

> ***In order not to convert this Motion to a Motion for Summary Judgment***, Bank of America does not include this argument here, but reserves the right to bring a 12(b)(6) motion to dismiss Bank of America Corporation because Bank of America Corporation is not a proper party to this action if it becomes necessary at a later date.

(emphasis supplied). And then, on page 12 of their *Motion*, the BOA Defendants devote an entire paragraph to the concept:

> In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the compliant.'" Moore v. Flagstar Bank, 6 F.Supp.2d 496, 500 (E.G. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). **The Court may also look to documents attached to the Complaint and those incorporated by reference without converting a rule 12(b)(6) motion into a Rule 56 motion for summary judgment**. See Pueschel v. United States, 369 F.3d 345, 353 n. 3 (4th Cir. 2004) (citations omitted).

(emphasis supplied).

Accordingly, the only rational conclusion that can be drawn from Defendants' inclusion of the Affidavit is that they were trying to "slip it in" or otherwise subvert the very clear language of the Federal Rules of Civil Procedure - including Rule 11. Consequently, Plaintiff hereby respectfully requests that the Court sanction Defendants and or defense counsel under Rule 11(c) *sue sponte*, pursuant to its inherent authority to do so. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005).[4]

---

[4] In the meantime, Plaintiff will consider whether a Motion for Sanctions under Rule 11(c)(2) is appropriate.

**WHEREFORE**, Plaintiff prays that her *Motion* be **GRANTED**.[5]

Respectfully submitted this 8th day of April 2011.

s/ Auden L. Grumet, Esq.
Ga. State Bar No.: 314613
Attorney for Plaintiff
*The Law Office of Auden L. Grumet, LLC*
4503 West Sudbury Court
Atlanta, Georgia  30360
(770) 458-3845 (Tel)
(770) 458-9034 (Fax)
**auden@atlantalawyer.org**

---

[5] Almost as disingenuous, and hardly worth addressing, is Defendants' implied assertion that Plaintiff's *Objection* was intended or should be treated as her *Response Brief*. To be sure, Defendants concede that it was submitted, "[R]ather than [to respond] to the substantive arguments…" *Id*. at 2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will/should automatically send electronic/email notification of same to the following opposing counsel, who have formally made/filed an entry of appearance in this case:

Andrew G. Phillips, Esq.
McGuireWoods LLP
1170 Peachtree Street N.E., Suite 2100
Atlanta, Georgia 30309
**aphillips@mcguirewoods.com**

J. Anthony Love, Esq.
Betsey L. Tate, Esq.
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
**tlove@kslaw.com** and **btate@kslaw.com**

Monika Vyas, Esq.
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
**mvyas@JonesDay.com**

Alex Barfield, Esq.
Hawkins & Parnell
4000 SunTrust Plaza, 303 Peachtree St., NE
Atlanta, Georgia 30308-3243
**abarfield@hplegal.com.**

s/ Auden L. Grumet, Esq.
Ga. State Bar No.: 314613
Attorney for Plaintiff
*The Law Office of Auden L. Grumet, LLC*
4503 West Sudbury Court
Atlanta, Georgia  30360
(770) 458-3845 (Tel)
**auden@atlantalawyer.org**

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

The undersigned counsel certifies that the foregoing has been prepared using fonts and spacing in accordance with Local Rules 5.1(B) and (C) and 7.1(D).

                                      s/ Auden L. Grumet, Esq.
                                      Ga. State Bar No.: 314613
                                      Attorney for Plaintiff
                                      *The Law Office of Auden L. Grumet, LLC*
                                      4503 West Sudbury Court
                                      Atlanta, Georgia  30360
                                      (770) 458-3845 (Tel)
                                      **auden@atlantalawyer.org**